UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SANCHEZ,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC, INC; CORECIVIC, LLC, CORECIVIC OF TENNESSEE, LLC; OTAY MESA DETENTION CENTER; DOES 1-20, inclusive,<br><br>　　　　　　　　Defendants. | Case No.:  3:24-cv-1199-L-VET<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[ECF No. 22] |

   Pending before the Court is Defendants' CoreCivic, Inc., CoreCivic, LLC, CoreCivic of Tennessee, LLC, and Otay Mesa Detention Center ("OMDC") (collectively, "Defendants") motion for dismiss the complaint. (ECF No. 22.) Plaintiff Bonnie Sanchez filed a response and Defendants a reply. (ECF Nos. 24, 25.) The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The Court decides the matter on the papers submitted without oral argument. *See* Civ. LR 7.1(d.1). For the reasons set forth below, Defendant's motion to dismiss is denied in part and granted in part. Plaintiff is granted leave to amend.

/ / / / /

## I. BACKGROUND[1]

According to the complaint, on or about February 23, 2021, "[a]n officer or guard who was working at Otay Mesa Detention Center committed a sexual battery upon Plaintiff. The officer/guard physically invaded Plaintiff's body/person by touching her private areas without Plaintiff's consent." (ECF No. 1-3 ("Compl.") at 4.) Plaintiff alleged that the guard was acting "in the course and scope of his employment as an officer/guard for defendant Otay Mesa Detention Center." (*Id*. at 5-6.) Plaintiff further alleged that this resulted in severe injury and damages. (*Id*.)

Plaintiff further alleged that OMDC negligently hired and retained in its employment the guard who sexually assaulted her and failed to protect her from offensive contact by allowing the guard to have access to Plaintiff. (*Id*. at 7.) OMDC had a history of its employees engaging in sexual misconduct with residents and failed to take adequate precautions. (*Id*.) Plaintiff claims Defendants had a special professional relationship with her because she was at OMDC for purposes of treatment for which Defendants received compensation. (*Id*. at 8.)

Plaintiff filed the complaint against CoreCivic, Inc., CoreCivic, LLC, CoreCivic of Tennessee, LLC, and OMDC, as well as numerous unnamed Defendants, including those who were agents and employees of named Defendants. (*Id.* at 2.) Plaintiff alleged (1) sexual battery (Cal. Civ. Code § 1708.5); (2) assault; (3) battery; (4) general negligence; and (5) sexual harassment (Cal. Civ. Code § 51.9).

/ / / / /

---

[1] All background information, unless otherwise noted, is taken from the complaint. (ECF No. 1-3.)

## II. <u>LEGAL STANDARD</u>

A Rule 12(b)(6)[2] motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[3]  A pleading must contain, in part, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Therefore, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("*Twombly*"); *see also* Fed. R. Civ. P. 12(b)(6).  The plausibility standard demands more than "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).  Instead, the complaint "must contain allegations of underlying facts sufficient to give fair notice and to enable the opposing party to defend itself effectively."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not take legal conclusions as true merely because they are cast in the form of factual allegations.  *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

/ / / / /

---

[2] All references to Rule or Rules refer to the Federal Rules of Civil Procedure.

[3] Unless otherwise noted, internal citations and quotation marks may be omitted.

### III. DISCUSSION

Defendants move to dismiss all claims. Each of their arguments is taken in turn.

#### A. Otay Mesa Detention Center

Defendants argue that OMDC is a non-jural entity incapable of being sued. (ECF No. 22 ("Mot.") at 6.) Plaintiff counters that "the viability of OMDC as a defendant is a question of fact that Plaintiff should be able to explore in party discovery." (ECF No. 24 ("Opp.") at 10.)

Defendants requested judicial notice of their website, https://www.corecivic.com/facilities/otay-mesa-detention-center (last accessed April 3, 2025), to argue that OMDC is not a legal entity, but a building owned and operated by CoreCivic, Inc. They maintain that the Court should take judicial notice of this representation because the fact that OMDC is not a legal entity is generally known and can be accurately and readily determined from the website, whose accuracy cannot reasonably be questioned. (Mot. at 6 (citing Fed. R. Evid. 201).)

Consideration of judicially noticed facts not included in the complaint is an exception to the general rule that a district court may not consider any material beyond the complaint in ruling on a Rule 12(b)(6) motion. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). While the Court can take judicial notice of certain facts, it may not accept as established *disputed* facts, even when they are stated in a public record. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Accordingly, the Court denies Defendants' request for judicial notice of the fact that OMDC is a building rather than a legal entity capable of being sued. As this fact is vital to Defendants' argument for OMDC's dismissal, their motion to dismiss OMDC as lacking capacity to be sued is denied.

#### B. Doe Defendants

Defendants further argue for dismissal of all Doe Defendants. (Mot. at 23.) This argument is premature. Upon completion of the pleading stage, the parties will receive a

4

deadline to join other parties. *See* Civ. L. R. 16.1(d)(2). Until then, Plaintiff may file a motion to substitute Doe Defendants. Accordingly, to the extent Defendants wish to dismiss any Doe Defendants, their motion is denied as premature.

### C. Sufficiency of Pleading

Next, Defendants argue that Plaintiff's factual allegations fail to satisfy the pleading requirements of Rule 8, and that the complaint should be dismissed in its entirety on this ground. (Mot. at 8.) This argument is unpersuasive.

First, Defendants claim that "it is impossible for the alleged events to have occurred on February 23, 2021, given that Plaintiff was not detained at OMDC 'on or about' that date." (Mot. at 8.) For this contention, Defendants rely entirely on their allegation in the notice of removal. (*See id.* (citing ECF No. 1 ("Not. of Removal") ¶¶ 26–27).)

Defendants cannot use their allegations in the notice of removal to dispute Plaintiff's allegations in the complaint. *See* Fed. R. Civ. P. 12(d) (When "matters outside the pleading are presented to and not excluded by the court," the Rule 12(b)(6) motion converts into a motion for summary judgment); *see also Ritchie*, 342 F.3d at 907–08 (courts may consider the pleadings and "certain other materials" including "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice" on a motion to dismiss).

Second, Defendants argue that the complaint fails to satisfy the notice pleading requirements of Rule 8 claiming that Plaintiff alleged insufficient facts to support of her claims. (Mot. at 8.) Rule 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. It "does not require detailed factual allegations, but … demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678.

/ / / / /

Plaintiff alleged that on or around February 23, 2021, an officer or guard who was working at OMDC committed sexual battery upon her by touching her private areas without consent. (Compl. at 5.) These factual allegations are sufficient to satisfy the notice pleading requirement of Rule 8.

### D. Statute of Limitations

Defendants also contend that Plaintiff's claims for assault, battery, negligence, and sexual harassment are barred by the two-year statute of limitations under Cal. Code Civ. Proc. § 335.1. (Mot. at 11.) A court may dismiss a claim on a Rule 12(b)(6) motion "on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

Based on the allegation that the assault and battery occurred on or about February 23, 2021, and the fact that the complaint was filed on July 12, 2024, it appears on the face of the complaint that more than two years have elapsed since the incident. However, Plaintiff counters that the applicable statute of limitations is Section 340.16(a), which allows ten-years for a "civil action for recovery of damages suffered as a result of sexual assault." Cal. Code Civ. Proc. § 340.16(a). The ten-year statute of limitations applies not just to claims for sexual assault, but any cause of action for damages arising from sexual assault. *See Jane Doe #21 (S.H.) v. CFR Enterprises, Inc.*, 93 Cal. App. 5th 1199, 1209 (2023).

Defendants respond that Plaintiff has not adequately pled that the ten-year statute applies to her action. The Court disagrees. Based on the nature of Plaintiffs allegations,
/ / / / /

it is apparent that the ten-year statute applies. Accordingly, to the extent Defendants argue that the complaint is time barred, their motion is denied.

### E. Sexual Battery

Next, Defendants argue that Plaintiff fails to state a claim for sexual battery. (Mot. at 13.) Plaintiff's sexual battery claim is based on the theory that the guard "physically invaded Plaintiff's body/person by touching her private areas without Plaintiff's consent and this resulted in harmful contact with Plaintiff resulting in severe injuries and damages to Plaintiff." (Compl. at 4.) Defendants contend that this is not sufficient to allege "sexually offensive contact," and "the specific area of her body which was allegedly touched." (Mot. at 13.)

Sexual battery under Cal. Civ. Code § 1708.5(a) occurs when a person does any of the following:

> (1) Acts with the intent to cause a harmful or offensive contact with an intimate part of another, and a sexually offensive contact with that person directly or indirectly results.
>
> (2) Acts with intent to cause a harmful or offensive contact with another by use of the person's intimate part, and a sexually offensive contact with that person directly or indirectly results.
>
> (3) Acts to cause an imminent apprehension of the conduct described in paragraph (1) or (2), and a sexually offensive contact with that person directly or indirectly results.

Plaintiff's allegations are sufficient to state a claim under Cal. Civ. Code § 1708.5(a)(1). She alleged that "sexually offensive contact" occurred, and she is not required to plead the specific area of her body which was allegedly touched. Accordingly, insofar as Defendants move to dismiss the sexual battery claim, their motion is denied.

/ / / / /

### F. Negligence, Assault, and Battery

Further, Defendants maintain that Plaintiff failed to allege claims for general negligence, assault, or battery. (Mot. at 15, 17.) Plaintiff does not dispute this but proposes to amend these claims with additional facts. (Opp. at 13.) Accordingly, Plaintiff's claims for general negligence, assault, and battery are dismissed.

### G. Sexual Harassment

Defendants next argue that Plaintiff's claim for sexual harassment under Cal. Civ. Code § 51.9 should be dismissed because "Plaintiff must show there is a business, service, or professional relationship between Plaintiff and Defendants or that Defendants held themselves out as being able to help Plaintiff establish a business, service, or professional relationship with Defendants or a third party." (Mot. at 19 (citing Cal. Civ. Code § 51.9(a)(1)).)

By failing to respond, Plaintiff concedes this argument. *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006). Instead, Plaintiff counters that she "does not limit this cause of action to one brought under Civil Code section 51.9," and argues that she has a viable claim under 42 U.S.C. § 1983 for violation of her Eighth Amendment rights. (Opp. at 14 (citing *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012).)

Section 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001); *see* 42 U.S.C. § 1983 (providing a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...."). Plaintiff did not allege that any of the Defendants is a state actor and alleged that each entity Defendant is a business entity. (*See* Compl. at 3.) Eighth Amendment claims are not viable against private operators of prison facilities, *Correctional Services*

*Corp. v. Malesko*, 534 U.S. 61, 70-73 (2001) or against privately employed personnel of such facilities, *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). Accordingly, Plaintiff's sexual harassment claim is dismissed.

### H. Employer Liability

Defendants also contend that all claims against entity Defendants should be dismissed because Plaintiff cannot establish direct or vicarious liability against them for the guard's alleged wrongdoing. (Mot. at 11.) Specifically, Defendants argue that Plaintiff has not adequately alleged that the guard was acting in the scope of his employment. (*Id.* at 12.) They claim that because Plaintiff alleged that the guard was an employee of OMDC employed at OMDC, she has not alleged that the guard was an employee of any Defendant. (*Id.* at 11-12.)

"Under the doctrine of respondeat superior, an employer is vicariously liable for his employee's torts committed within the scope of the employment." *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 967 (1986).

> [T]he test for determining whether an employee is acting outside the scope of employment is whether in the context of the particular enterprise an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business.

*Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 214 (1991).

Sexual misconduct torts can be considered committed within the scope of employment if its "motivating emotions were fairly attributable to work-related events or conditions." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 301 (1995). The act of misconduct does not need to be "authorized" by the employer or "motivated by any desire to serve [the employers] interests" to be considered within the scope of employment. *Id*. In *Mary M.*, a police officer's rape of a detainee was held to be considered within the scope of employment when the tort "arose from an abuse of official authority." 54 Cal.3d at 221. "In view of the considerable power and authority

9

that police officers possess, it is neither startling nor unexpected that on occasion an officer will misuse that authority by engaging in assaultive conduct." *Id.* at 217.

Plaintiff alleged that the guard was "acting in the course and scope of his employment as an officer/guard for defendant Otay Mesa Detention Center" when he committed sexual assault and battery on Plaintiff. (Compl. at 5-6.) Plaintiff has alleged a situation similar to *Mary M.*, where a police officer committed a tort "ar[ising] from an abuse of official authority." 54 Cal.3d at 221. Accordingly, Plaintiff has sufficiently alleged vicarious liability as to Defendant OMDC.

However, Plaintiff has not alleged that the guard was an employee of CoreCivic, Inc., CoreCivic, LLC, or CoreCivic of Tennessee, LLC, such that any of them may be vicariously liable. While each of these entities is listed as a Defendant for each cause of action, Plaintiff has not alleged how they are related to the guard for purposes of vicarious liability. (*See, e.g.,* Compl. at 7 (OMDC hired the guard and placed him in position of authority).) Accordingly, Defendants' motion is granted insofar as Plaintiff asserts vicarious liability claims against entity Defendants other than OMDC.

### I.     Punitive Damages

Further, Defendants argue that Plaintiff's request for punitive damages under Cal. Civ. Code § 3294 should be dismissed for failure to state a claim. (Mot. at 21.) Plaintiff does not dispute this but instead states that "Plaintiff will amend to plead additional facts supporting her claim for punitive damages against all defendants." (Opp. at 14.) Accordingly, to the extent Plaintiff seeks punitive damages, her claims are dismissed.

### J.     Leave to Amend

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Because it does not appear that

amendment of the complaint would be futile, Plaintiff is granted leave to amend the complaint consistent with this Order.

## IV. CONCLUSION

Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants' motion is GRANTED insofar as the following claims are dismissed: (1) assault, (2) battery, (3) general negligence, (4) sexual harassment, (5) vicarious liability of entity Defendants other than OMDC, and (6) punitive damages are dismissed. In all other respects, the motion is DENIED. Plaintiff is granted leave to amend the complaint consistent with this Order. Any amended complaint shall be filed no later than 60 calendar days after this Order is filed.

**IT IS SO ORDERED.**

Dated: April 21, 2025

_____
Hon. M. James Lorenz
United States District Judge