THE WAGNER LAW GROUP
NICHOLAS J.P. WAGNER
Cal. Bar No. #109455
1111 E. Herndon Ave., Suite 317
Tel: (559) 449-1800
Fax: (559) 449-0749
butch@thewagnerlawgroup.com
sonya@thewagnerlawgroup.com


LAURA ELIZABETH BROWN
Attorney at Law
Cal. Bar No. #306035
P.O. Box 16211
Fresno CA 93755
Tel: (559) 862-8633
laura@lauraebrown.com

Attorneys for Plaintiff Bonnie Sanchez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SANCHEZ;<br><br>       Plaintiff,<br><br>   v.<br><br>CORECIVIC, INC; CORECIVIC, LLC; CORECIVIC OF TENNESSEE, LLC; OTAY MESA DETENTION CENTER; CHRISTOPHER J. LAROSE; and DOES 1 through 20, inclusive;<br><br>      Defendants. | Case No.:  24-cv-01199-L-VET<br><br>FIRST AMENDED COMPLAINT<br><br>1. Sexual Battery<br>2. Assault<br>3. Battery<br>4. General Negligence<br>5. Violation of Civil Code § 51.9<br>6. Violation of Civil Code § 52.1<br><br><br>Trial: not yet set |

FIRST AMENDED COMPLAINT

-1-

## Parties & Venue

1.    Plaintiff Bonnie Sanchez is a natural person residing in California. During the relevant time periods, Plaintiff was living in San Diego, California.

2.    On information and belief, Defendants CoreCivic, Inc.; CoreCivic of Tennessee, LLC; CoreCivic LLC; and Otay Mesa Detention Center are entities doing business in the State of California.

3.    At all relevant times alleged herein, Defendant Christopher J. LaRose was the Senior Warden in charge of the Otay Mesa Detention Center and a resident of the State of California. He was responsible for overseeing the officers working at Otay Mesa Detention Center and ensuring the safety and protection of prisoners incarcerated there, including Plaintiff.

4.    Plaintiff is ignorant of the true names and capacities of the defendants sued as DOES 1 through 20, inclusive, and therefore sues them using fictitious names. Plaintiff will amend the complaint to state their true names and capacities when ascertained. On information and belief, each defendant is responsible in whole or in part for the occurrences here alleged and each fictitiously named Defendant's acts or omissions were a proximate cause of Plaintiff's injuries. For convenience, each reference in this complaint to any of the named Defendants shall also refer to Does 1-20, inclusive.

5.    On information and belief, Defendants collectively and singly are or were at all times relevant to this action the agents, employees, partners, joint venturers, co-conspirators, owners, principles, and/or employers of the others, and are or were acting within the course and scope of such agency, employment, partnership, conspiracy, ownership, and/or joint venture relationship. On

FIRST AMENDED COMPLAINT

-2-

information and belief, each Defendant's acts, conduct, or omissions are or were known to, authorized by, and/or ratified by the other defendants.

## Factual Background

6.    Defendants' business practices include the operation of detention centers in the State of California in which inmates serving criminal sentences for federal crimes are housed. Defendants are jailors responsible for the oversight, security, maintenance, and well-being of the inmates housed in their detention centers.

7.    One of the detention centers operated by Defendants is the Otay Mesa Detention Center located at 7488 Calzada de la Fuente, San Diego, California. Otay Mesa Detention Center (OMDC or "Otay Mesa") is a minimum- to medium-security federal prison.

8.    Plaintiff was an inmate housed at Otay Mesa Detention Center in 2021. Plaintiff had been arrested on federal drug charges in 2020, plead guilty, and was sentenced to 63 months in federal prison. Plaintiff was transferred to Otay Mesa Detention Center to serve part of her criminal sentence.

9.    During Plaintiff's incarceration at Otay Mesa Detention Center in 2021, Plaintiff was sexually assaulted by one of Defendants' employees. The officer invaded Plaintiff's body and person by touching her private areas without Plaintiff's consent. This occurred at Otay Mesa Detention Center.

10.    On information and belief, Defendants knew, or should have known, of the officer's propensity for sexual and physical misconduct but failed to take appropriate action to remove him from ready access to female inmates, and by so failing, allowed the officer to harm Plaintiff.

FIRST AMENDED COMPLAINT

-3-

11.    On information and belief, Defendants have a history, pattern, and practice of allowing employees to sexually abuse the inmates housed at Otay Mesa Detention Center. This history, pattern, and practice is such that employees feel emboldened to commit acts of sexual abuse against inmates on the knowledge that they will not be punished by Defendants. On information and belief, prior instances of sexual abuse include, for example:

a. Sexual assault committed by a guard against a male inmate at OTDC in or around 2023;

b. Sexual misconduct committed by a case manager named Shantal Hernandez at OTDC in or around 2023 (criminally charged by the U.S. Attorney's Office for the Southern District of California in 2023);

c. Sexual assaults committed against two inmates at OMDC in or around 2019 (inmates retaliated against for reporting the assaults); and

d. Sexual assault and retaliation by guard against three women at OMDC (women reported that a guard groped them as they slept; assaulted them during improper strip searches; forced them to perform sex acts; and reported that the guard's supervisor threatened the women with solitary confinement if they reported the assaults).

12.    In April 2021, the ACLU released a report finding there were "49 reported incidents of 'inmate/detainee-on-inmate/detainee' sexual abuse and 19 reported incidents of 'employee-on-inmate/detainee' sexual abuse, the most reported out of any CoreCivic facility in the country for either category." [1]

---

[1] ACLU San Diego and Imperial Counties, "CoreCivic's Decades of Abuse: Otay Mesa Detention Center" (April 21, 2021) (see https://www.aclu-sdic.org/en/publications/corecivics-decades-abuse-otay-mesa-detention-center).

FIRST AMENDED COMPLAINT

-4-

13. The profusion of instances of sexual abuse by employees against inmates at OMDC shows a de facto policy and/or practice by Defendants to permit, authorize, ratify, and allow such abuse to occur. Such misconduct shocks the senses.

14. Plaintiff was harmed by Defendants' misconduct. Plaintiff suffered violation of her bodily autonomy, physical injury, and emotional distress.

FIRST CAUSE OF ACTION

SEXUAL BATTERY

(Cal. Civ. Code § 1708.5)

15. Paragraphs 1 through 14 are incorporated by reference.

16. To plead a cause of action for sexual battery under California Civil Code section 1708.5, the plaintiff must allege: (1) a harmful or offensive contact committed by the defendant; (2) resulting in a sexually offensive contact to the plaintiff; (3) without the plaintiff's consent. (*Angie M. v. Superior Court* (1995) 37 Cal.App.4th 1217, 1225.)

17. As pleaded in paragraph 9, during Plaintiff's incarceration at Otay Mesa Detention Center in 2021, Plaintiff was sexually assaulted by one of Defendants' employees. The officer invaded Plaintiff's body and person by touching her private areas without Plaintiff's consent. Such touching was inherently sexually offensive.

18. On information and belief, Defendants are liable for the officer's misconduct because Defendants knew, or should have known, of the officer's propensity for sexual and physical misconduct, but failed to take appropriate action to remove him from ready access to female inmates, and by so failing, allowed the officer to harm Plaintiff.

FIRST AMENDED COMPLAINT

19.     In the alternative, on information and belief, Defendants are directly liable for the sexual assault of Plaintiff because Defendants ratified the officer's misconduct by, among other things, failing to discipline, discharge, and/or terminate the officer's employment.

20.     On information and belief, Defendants have a history, pattern, and practice of allowing employees to sexually abuse the inmates housed at Otay Mesa Detention Center. This history, pattern, and practice emboldens employees to commit acts of sexual abuse against inmates on the knowledge that they will not be punished by Defendants. Further, on information and belief, Defendants have, through their managers, supervisors, and principals, retaliated against inmates who reported, or sought to report, sexual abuse by employees at Otay Mesa Detention Center.

21.     Prior instances of sexual abuse include those alleged in paragraph 12 and paragraph 13. Such misconduct shocks the senses. It is despicable conduct that warrants punitive damages because it was committed, for example, with willful and conscious disregard for the rights or safety of others.

22.     Plaintiff was harmed as alleged in paragraph 14.

## SECOND CAUSE OF ACTION

### ASSAULT

23.     Paragraphs 1 through 22 are incorporated by reference.

24.     To plead a cause of action for assault, the plaintiff must allege: (1) the defendant touched the plaintiff, or caused the plaintiff to be touched, with the intent to harm or offend the plaintiff; (2) the plaintiff did not consent to the touching; (3) the plaintiff was harmed or offended by the defendant's conduct; and

(4) a reasonable person in the plaintiff's position would have been offended by the touching. (*So. v. Shin* (2012) 212 Cal.App.4th 652, 668–669; see also CACI 1301.)

25.    During Plaintiff's incarceration at Otay Mesa Detention Center in 2021, Plaintiff was assaulted by one of Defendants' employees. The officer invaded Plaintiff's body and person by touching her private areas without Plaintiff's consent. The officer intended to harm of offend Plaintiff. The touching was inherently offensive, and a reasonable person would have been offended by it.

26.    On information and belief, Defendants are liable for the officer's misconduct because Defendants knew, or should have known, of the officer's propensity for assault and physical misconduct, but failed to take appropriate action to remove him from ready access to female inmates, and by so failing, allowed the officer to harm Plaintiff.

27.    In the alternative, on information and belief, Defendants are directly liable for the assault of Plaintiff because Defendants ratified the officer's misconduct by, among other things, failing to discipline, discharge, and/or terminate the officer's employment.

28.    On information and belief, Defendants have a history, pattern, and practice of allowing employees to physically abuse the inmates housed at Otay Mesa Detention Center. This history, pattern, and practice emboldens employees to commit acts of abuse against inmates on the knowledge that they will not be punished by Defendants. Further, on information and belief, Defendants have, through their managers, supervisors, and principals, retaliated against inmates who reported, or sought to report, sexual abuse by employees at Otay Mesa Detention Center.

FIRST AMENDED COMPLAINT

-7-

29. Prior instances of abuse include those alleged in paragraph 12 and paragraph 13. Such misconduct shocks the senses. It is despicable conduct that warrants punitive damages because it was committed, for example, with willful and conscious disregard for the rights or safety of others.

30. Plaintiff was harmed as alleged in paragraph 14.

//

### THIRD CAUSE OF ACTION

### BATTERY

31. Paragraphs 1 to 30 are incorporated by reference.

32. To plead a cause of action for battery, a plaintiff must allege: (1) the defendant touched plaintiff or caused her to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by the defendant's conduct; and (4) a reasonable person in the plaintiff's position would have been offended by the touching. (*So. v. Shin* (2012) 212 Cal.App.4th 652, 668–669; see also CACI 1301.)

33. During Plaintiff's incarceration at Otay Mesa Detention Center in 2021, Plaintiff was assaulted by one of Defendants' employees. The officer invaded Plaintiff's body and person by touching her private areas without Plaintiff's consent. The officer intended to harm of offend Plaintiff. The touching was inherently offensive, and a reasonable person would have been offended by it.

34. On information and belief, Defendants are liable for the officer's misconduct because Defendants knew, or should have known, of the officer's propensity for battery and physical misconduct, but failed to take appropriate action to remove him from ready access to female inmates, and by so failing, allowed the officer to harm Plaintiff.

FIRST AMENDED COMPLAINT

-8-

35.     In the alternative, on information and belief, Defendants are directly liable for the battery of Plaintiff because Defendants ratified the officer's misconduct by, among other things, failing to discipline, discharge, and/or terminate the officer's employment.

36.     On information and belief, Defendants have a history, pattern, and practice of allowing employees to batter the inmates housed at Otay Mesa Detention Center. This history, pattern, and practice emboldens employees to commit acts of abuse against inmates on the knowledge that they will not be punished by Defendants. Further, on information and belief, Defendants have, through their managers, supervisors, and principals, retaliated against inmates who reported, or sought to report, sexual abuse by employees at Otay Mesa Detention Center.

37.     Prior instances of abuse include those alleged in paragraph 12 and paragraph 13. Such misconduct shocks the senses. It is despicable conduct that warrants punitive damages because it was committed, for example, with willful and conscious disregard for the rights or safety of others.

38.     Plaintiff was harmed as alleged in paragraph 14.

FOURTH CAUSE OF ACTION

GENERAL NEGLIGENCE

39.     Paragraphs 1 to 38 are incorporated by reference.

40.     To plead a cause of action for negligence, a plaintiff must allege: (1) a duty of care owed by the defendant to the plaintiff; (2) breach of the duty of care; (3) causation; and (4) damages. (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 500.)

41.     Jailers owe a special duty of care to prisoners. (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 246–252.)

FIRST AMENDED COMPLAINT

42.     Defendants were jailers.

43.     Plaintiff was a prisoner of Defendants.

44.     Defendants owed Plaintiff a special duty of care to keep her safe and free from harm. Defendants' duty to Plaintiff included a duty to protect her from injury that was reasonably foreseeable or anticipated.

45.     Defendants breached their duty of care as pleaded in paragraphs 9, 10, and 11. For example, on information and belief, Defendants knew or should have known of the officer's propensity and proclivity for sexual and physical misconduct but failed to remove his access to female inmates. Defendants failures allowed the officer to harm Plaintiff. Had Defendants taken appropriate actions to protect female inmates from the officer, Plaintiff would not have been harmed.

46.     On information and belief, Defendants have a history, pattern, and practice of allowing employees to batter the inmates housed at Otay Mesa Detention Center. This history, pattern, and practice emboldens employees to commit acts of abuse against inmates on the knowledge that they will not be punished by Defendants. Further, on information and belief, Defendants have, through their managers, supervisors, and principals, retaliated against inmates who reported, or sought to report, sexual abuse by employees at Otay Mesa Detention Center.

47.     Prior instances of abuse include those alleged in paragraph 12 and paragraph 13. Such misconduct shocks the senses. It is despicable conduct that warrants punitive damages because it was committed, for example, with willful and conscious disregard for the rights or safety of others.

48.     Defendants' actions, or failures to act, caused Plaintiff's harm.

49.     Plaintiff was harmed as pleaded in paragraph 14.

FIRST AMENDED COMPLAINT

-10-

FIFTH CAUSE OF ACTION

SEXUAL HARASSMENT

(Cal. Civ. Code § 51.9)

50.    Paragraphs 1 to 49 are incorporated by reference.

51.    To plead a cause of action for sexual harassment in a defined relationship, a plaintiff must allege: (1) a business, service, or professional relationship between plaintiff and defendant; (2) the defendant made sexual advances, solicitations, requests, or demands for sexual compliance to plaintiff OR the defendant engaged in physical conduct of a sexual or hostile nature based on gender; (3) the defendant's conduct was unwelcome and pervasive or severe; and (4) plaintiff was harmed as a result. (Cal. Civ. Code § 51.9; see also CACI 3065.)

52.    "It is manifestly foreseeable that an inmate may be at risk of harm, as the recently PREA and SADEA show, recognizing the serious problem presented by sexual abuse in the prison environment…. Prisoners are vulnerable. And dependent. Moreover, the relationship between them is protective by nature, such that the jailer has control over the prisoner, who is deprived of the normal opportunity to protect himself from harm inflicted by others. This, we conclude, is the epitome of a special relationship, imposing a duty of care on a jailer owed to a prisoner, and we today add California to the list of jurisdictions recognizing a special relationship between jailer and prisoner." (*Giraldo v. Department of Corrections & Rehabilitation* (2008) 168 Cal.App.4th 231, 250–251.)

53.    Defendants were in a business, service, or professional relationship with Plaintiff by virtue of the fact that Defendants were jailers responsible for the care, security, and protection of Plaintiff as a prisoner. Defendants were

FIRST AMENDED COMPLAINT

-11-

responsible for providing Plaintiff with food, medical care, shelter, and safety. Plaintiff was not able to easily remove herself from the Defendants' oversight.

54. As pleaded in paragraph 9, Plaintiff was sexually assaulted by one of Defendants' employees in 2021. The officer invaded Plaintiff's body and person by touching her private areas without Plaintiff's consent. This occurred at Otay Mesa Detention Center while Plaintiff was a prisoner.

55. Defendants are liable for their employee's misconduct as pleaded in paragraphs 10–13.

56. Defendants' conduct was unwelcome, pervasive, and severe. Sexual abuse is inherently unwelcome, pervasive, and severe. Prior instances of abuse include those alleged in paragraph 12 and paragraph 13. Such misconduct shocks the senses. It is despicable conduct that warrants punitive damages because it was committed, for example, with willful and conscious disregard for the rights or safety of others.

57. Plaintiff was harmed by Defendants as pleaded in paragraph 14.

SIXTH CAUSE OF ACTION

TOM BANE CIVIL RIGHTS ACT

(Cal. Civ. Code § 52.1)

58. Paragraphs 1 through 57 are incorporated by reference.

59. Although an inmate's constitutional rights are limited while incarcerated as plaintiff was at all materials times set forth herein, Plaintiff still had a constitutional right to be free from unwanted physical injury, and sexual assault to her person while incarcerated as set forth herein. Defendants and each of them violated Plaintiff's constitutional rights by interfering with Plaintiff's enjoyment of her right to be free from sexual assault and unwanted physical harm.

FIRST AMENDED COMPLAINT

-12-

60.    Plaintiff has the right to pursue a case of action against defendants with the conduct of Defendants as alleged herein pursuant to California Civil Code section 52.1 (c).

61.    The conduct of Defendants in violating Plaintiff's exercise of her constitutional rights resulted in injury and damages to Plaintiff including physical personal injury and emotional distress.

62.    Plaintiff is entitled to compensation for her personal physical injuries, emotional distress, injuries, compensation for violations of her constitutional civil rights, attorneys fees, and punitive damages.

## PRAYER FOR RELIEF

1.    Compensatory damages according to proof;

2.    Emotional distress damages;

3.    Attorney's fees and costs;

4.    Punitive damages; and

5.    Any and all other relief the Court deems just and proper.

JURY TRIAL DEMANDED

Respectfully submitted,

Date:    June 17, 2025

NICHOLAS J.P. WAGNER
LAURA ELIZABETH BROWN
*Counsel for Bonnie Sanchez*

FIRST AMENDED COMPLAINT

-13-