UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE SANCHEZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>CORECIVIC, INC.; CORECIVIC, LLC;<br>CORECIVIC OF TENNESSEE, LLC;<br>OTAY MESA DETENTION CENTER;<br>CHRISTOPHER J. LAROSE; and DOES<br>1 through 20, inclusive.<br><br>                                    Defendants. | Case No.:  24-cv-01199-L-VET<br><br>**ORDER REMANDING ACTION TO<br>STATE COURT** |

Defendants CoreCivic, LLC, CoreCivic, Inc., and CoreCivic of Tennessee, LLC (collectively, the "CoreCivic Defendants"), removed this personal injury action from State court pursuant to 28 U.S.C. §§1332 and 1441.  For the reasons stated below, the action is remanded.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution or statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Consistent

24-cv-01199-L-VET

with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing removal jurisdiction is on the removing party. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682-85 (9th Cir. 2006).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . .." 28 U.S.C. § 1441(a). The CoreCivic Defendants' notice of removal was based on 28 U.S.C. §1332. (ECF No. 1.) Under section 1332(a), original jurisdiction exists in cases where the amount in controversy exceeds $75,000 and the case is "between citizens of different states." To meet the requirement of diversity of citizenship, there must be "complete diversity of citizenship." *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). This requirement is met when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Id.*

The Court previously granted in part and denied in part the CoreCivic Defendants' motion to dismiss, and granted Plaintiff leave to amend the complaint. (ECF No. 26.) Plaintiff amended the complaint and added Defendant Christopher J. Larose. (ECF No. 32.) Mr. Larose is alleged to be a citizen of California. (*Id.* ¶ 3.) Because Plaintiff is also a California citizen (*see id.* ¶ 1), complete diversity of citizenship is lacking. *See Caterpillar, Inc.*, 519 U.S. at 68.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also id.* § 1447(e). This action is therefore remanded to the Superior Court of the State of California for the County of San Diego.

**IT IS SO ORDERED.**

Dated:  June 30, 2025

_____
Hon. M. James Lorenz
United States District Judge

2

24-cv-01199-L-VET